

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Collleen Carey Gulliver
Colleen.Gulliver@us.dlapiper.com
T  212.335.4737
F  917.778.8037

March 19, 2020

**BY ECF**
Spencer Sheehan
Sheehan & Associates, P.C.
505 Northern Blvd. Ste. 311
Great Neck, New York 11021
spencer@spencersheehan.com

Re:   *Cosgrove v. Blue Diamond Growers*, Case No. 1:19-cv-08993 (S.D.N.Y.)

Dear Mr. Sheehan:

Defendant Blue Diamond Growers ("BDG") writes pursuant to Section II.B. of Judge Marrero's Individual Rules of Practice to identify the numerous deficiencies in the plaintiff's complaint that require dismissal in its entirety.  BDG sells almondmilk beverages under the Almond Breeze brand, certain of which are characterized as "vanilla" (the "Almondmilk"). (Comp. ¶ 1).  All five of the plaintiff's claims rest on the defective premise that the Almondmilk's front panel "vanilla" designation is misleading.  (Comp. ¶¶ 14-23).  It is not.

***The plaintiff cannot enforce the FDCA.***  The plaintiff seems to argue that the Almondmilk label does not comply with regulations promulgated under the Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq* ("FDCA").  (Comp. ¶¶ 24-33).  This is a clear attempt to "privately enforce alleged violations of the FDCA," but, "no such private right of action exists."  *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997).  Similarly, the plaintiff cannot use the New York General Business Law, §§ 349, 350 ("GBL") claims to create a private right of action where none exists and pursue claimed FDCA violations. A plaintiff cannot "thwart legislative intent by couching" a statutory violation without a private right of action as a GBL claim.  *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001); *see also Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 777-778 (W.D.N.Y. 2017) (dismissing GBL claim); *PDK Labs, Inc.*, 103 F.3d at 1113 (affirming dismissal of state law consumer protection claims based on FDCA violations).

***The plaintiff has not pled a misstatement.***  To demonstrate that conduct is materially misleading, a plaintiff must demonstrate that "a reasonable consumer acting reasonably" would be misled.  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).  No reasonable consumer would read the flavor indicator "vanilla" on Almondmilk and conclude that it is meant to convey that all the vanilla taste comes from vanilla bean extract.  Quite the contrary, they would simply expect what they actually received: almondmilk, which tastes like vanilla.  Moreover, to the extent that the plaintiff perceives some technical violation of federal regulations, the plaintiff has not demonstrated "the perceptions of ordinary consumers align with [the] labeling standards …."  *N.A. Olive Oil Ass'n v. Kangadis Food Inc.*, 962 F. Supp. 2d 514, 519-21 (S.D.N.Y. 2013).

Moreover, even if a reasonable consumer could be materially misled (and he cannot) the



plaintiff – without any factual basis – asserts that the product contains vanilla "in a smaller amount than expected" because he hypothesizes that "[i]f the 'natural flavor' only consisted of vanilla, this more valuable flavor would be listed …." (Comp. ¶ 20). But Federal regulations expressly permit food manufacturers to use "natural flavor[s]" instead of listing each component ingredient. *See* 21 CFR § 101.22(h)(1). Similarly, the plaintiff's allegations of purported vanilla fraud in the food industry in general are irrelevant because plaintiff does not allege any specific conduct by BDG. As such, those general allegations cannot plausibly create an inference that *BDG's* label was deceptive. (*See* Comp. ¶¶ 5-13). Because the plaintiff has not alleged a misstatement, his GBL, fraud, negligent misrepresentation, and breach of express warranty claims must be dismissed. *See Sarr v. BEF Foods, Inc.*, 2020 WL 729883, at *11 (E.D.N.Y. Feb. 13, 2020) (dismissing claim; "[t]he plaintiffs' allegation that the natural flavor … 'is likely … that flavor permitted by the margarine standard of identity' is speculative"); *Reyes v. Crystal Farms Refrig. Distrib. Co.*, 2019 WL 3409883, at *3-5 (E.D.N.Y. Jul. 26, 2019) (dismissing claims).

***The plaintiff fails to allege an injury.*** The plaintiff tries to use a price premium theory to create a cognizable injury, but his allegations are deficient:[1] he fails to allege when or where he purchased the product,[2] the specific price paid, and how it compared to competitors' prices. *See, e.g.*, *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (dismissing claim; plaintiff "provided[ed] no facts regarding what the premium was, what price he paid for the products, or the price of non-premium products."); *Izquierdo*, 2016 WL 6459832, at *7-8. Contradicting any inference of a premium in this case, plaintiff's counsel asserts in an analogous case against Califia Farms that the Califia Farms products were sold at a *premium over* those of BDG. Amended Class Action Complaint at ¶ 8, *Cicciarelli v. Califia Farms*, No. 7:19-cv-8785 (S.D.N.Y. December 2, 2019), ECF No. 7.

***The plaintiff lacks standing.*** The "'irreducible constitutional minimum' of standing" requires a plaintiff plead a "'concrete and particularized injury … fairly traceable to the challenged conduct of the defendant.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-1548 (2016) (quotation omitted). As set forth above, the plaintiff here has not pled a concrete and particularized injury and therefore lacks standing. He also lacks standing for injunctive relief because he does not allege *any*, let alone a *concrete* future harm. (Comp. ¶ 60, seeking injunctive relief "because the practices continue"); *see Kommer v. Bayer Consumer Health*, 710 Fed. App'x 43, 44 (2d Cir. 2018).

The plaintiff, a New York resident who alleges to have purchased Almondmilk only in New York (Comp. ¶¶ 46, 49), likewise lacks standing to bring claims under the consumer

---

[1] The plaintiff must allege an injury to state claims for violations of the GBL, Magnuson-Moss Warranty Act, 15 U.S.C. § 2310 ("MMWA"), fraud, negligent misrepresentation, and breaches of warranties. *See Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *6 (S.D.N.Y. Oct. 26, 2016) (GBL); *Marino v. Coach, Inc.,* 264 F. Supp. 3d 558, 572 (S.D.N.Y. 2017) (fraud); *Mizrahi v. Taic*, 266 A.D 2d 59, 59-60 (1st Dept't 1999) (negligent misrepresentation); *Dayton Superior Corp. v. Spa Steel Prod.*, 2012 WL 113663, at *5 (N.D.N.Y. Jan. 13, 2012) (implied warranty); *Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019) (express warranty); 15 U.S.C. § 2310(d) (MMWA).

[2] Because the allegations are so unspecific, BDG cannot even determine whether it has a statute of limitations defense. *See Ashcroft v. Iqbal*, 556 U.S. 662, 698-699 (2009).



protection statutes of any state outside of New York.  *See Simington v. Lease Fin. Group, LLC*, 2012 WL 651130, at *7 (S.D.N.Y. Feb. 28, 2012) (dismissing consumer protection claims for states where there were no "connections").

***The plaintiff fails to state a claim for fraud.***  First, courts reject the claim that fraudulent intent can be shown by a desire "to secure economic advantage in the marketplace." (Comp. ¶ 89). *Sarr*, 2020 WL 729883, at *9 (dismissing fraud claim based on allegation that defendant wanted to "'increas[e] [its] market share'").  Second, the plaintiff has not pleaded fraud with requisite specificity under Rule 9(b) because he fails to state where and when he purportedly was exposed to the label.  *Izquierdo*, 2016 WL 6459832, at *9 (dismissing fraud claim).

***The negligent misrepresentation claim fails.***  First, the plaintiff has not pled that "the defendant owed [him] a duty of care due to a special relationship."  *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 677 (E.D.N.Y. 2017) (internal citation omitted) (dismissing complaint).  The plaintiff claims that BDG owed a duty to him because it holds "itself out as having special knowledge in the production, service and/or sale of the product" (Compl. ¶ 71), but "if this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case."  *Stolz v. Fage Dairy Processing Indus.*, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015).  Second, the economic loss doctrine bars the claim.  *See, e.g.*, *F.D.I.C. v. Murex LLC*, 2018 WL 2694431, at *8 (S.D.N.Y. June 5, 2018).  Third, the allegations are insufficient to meet Rule 9(b)'s pleading standards.  *See Stolz*, 2015 WL 5579872, at *24.

***The breach of warranty and MMWA claims fail.***  First, the plaintiff has not alleged privity. *Ebin v. Kangadis Food, Inc.*, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013) (dismissing express warranty claim); *Reyes*, 2019 WL 3409883, at *5 (dismissing implied warranty claim). Second, as there was no misstatement, the plaintiff cannot allege an affirmation or promise that was false.  *Id.* at *5.  Third, the breach of implied warranty claim fails because there is no allegation that the Almondmilk was unfit for human consumption.  *Silva v. Smucker Nat. Foods*, *Inc.*, 2015 WL 5360022, at *11 (dismissing implied warranty claim).  Finally, the plaintiff's MMWA claim fails because the plaintiff: (a) does not have a viable claim for breach of warranty under state law (*Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) (the plaintiff must "adequately plead … breach of written or implied warranty under state law")); and (b) has not pled that BDG provided a written warranty promising that the product "[wa]s defect free or w[ould] meet a specified level of performance."  *Sarr*, 2020 WL 729883, at *8-9 (dismissing claim).

***The unjust enrichment claim must be dismissed.***  An unjust enrichment claim must be dismissed where the plaintiff "fail[s] to explain how the … claim is not merely duplicative of [the] other causes of action."  *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 194 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).  Here, the plaintiff's unjust enrichment claim is duplicative, as it rests on the same allegations purportedly supporting his other claims.  The claim also fails because the plaintiff has not set forth a "'specific and direct'" benefit the defendant received at plaintiff's expense.  *Simon v. Keyspan Corp.*, 785 F. Supp. 2d 120, 140 n.143 (S.D.N.Y. 2011), *aff'd*, 694 F.3d 196 (2d Cir. 2012); s*ee, e.g.*, Comp. ¶ 92 ("Defendant obtained benefits and monies because the Products were not as represented and expected ….")).



Spencer Sheehan
March 19, 2020
Page Four

Sincerely,

*/s/ Colleen Carey Gulliver*

Colleen Carey Gulliver

cc: Michael Reese
The Honorable Victor Marrero